**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTURO DELACRUZ, | : | |
| Petitioner, | : | Civil Action No. 16-2078 (MAS) |
| v. | : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**SHIPP, District Judge**

Pro se Petitioner Arturo Delacruz, confined at a Federal Correctional Institution in Fort Dix, New Jersey, files the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"), challenging the sentence imposed by this Court on April 1, 2015 for conspiracy to commit armed robbery. *United States v. Delacruz*, No. 14-650 (D.N.J. filed May 8, 2014) ("Crim. Dkt."). Respondent has filed an answer (ECF No. 5), and Petitioner has filed a reply (ECF No. 8). For the reasons stated below, the Court denies the Motion.

**I.    FACTUAL BACKGROUND**

On November 12, 2014, Petitioner agreed to a plea agreement, pleading guilty to one count of conspiracy to commit robbery. (Plea Agreement 1, Crim. Dkt., ECF No. 15.) The Plea Agreement stipulated that Petitioner was agreeing to an offense level of 29 under the United States Sentencing Guidelines. (*Id.* at 9.) During the plea hearing, the Court instructed the government to establish the factual basis of the offense, which it did through a series of questions and answers with Petitioner. (Tr. of Plea Hearing 13:25-19:10, Crim. Dkt., ECF No. 20.) Thereafter, the United States Probation Office filed a Pre-Sentencing Report ("PSR"), recommending an offense level of

31 for Petitioner. (PSR 18.) The difference between the recommended offense level and the agreed-to offense level was based on the probation officer's determination that Petitioner was an organizer, leader, manager, or supervisor of the offense, which warranted an additional two-level increase. (*Id.* at 17, 24.) Nevertheless, the Court accepted the agreed-to offense level of 29 and sentenced Petitioner accordingly. (*See* Statement of Reasons for Judgment 1.)

## II.  STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). *See also United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). Additionally, "[i]t is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). The Court may dismiss the motion without holding an evidentiary hearing if the motion, case file, and records conclusively show that the prisoner is not

entitled to relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11-4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545-46).

### III. DISCUSSION

In the Motion, Petitioner challenges the factual bases used to determine the total offense level, which the Court used to ultimately determine the length of Petitioner's sentence. The offense consisted of three predicate robberies, which the PSR referred to as Groups One, Two, and Three. (PSR 16-17.) Petitioner contests the factual basis of each robbery. Specifically, Petitioner challenges these sentencing enhancements in each group: for Group One, the "otherwise used" firearm enhancement, the loss enhancement, and the leader/organizer enhancement; for Group Two, the "otherwise using" a dangerous weapon enhancement, the "bodily injury" enhancement, and the leader/organizer enhancement; and for Group Three, the "brandishing or possessing" a dangerous weapon enhancement, and the leader/organizer enhancement. Petitioner alleges that his trial counsel rendered ineffective assistance because he failed to object to the factual basis for each of the aforementioned enhancements during sentencing.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at

690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (per curiam). Instead, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[1] To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083. "In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Court finds that Petitioner's counsel was not ineffective in failing to object to the Group One enhancements. With regard to the "otherwise used" firearm enhancement, the PSR stated that "both Matias Cruz and Delacruz brandished firearms and pointed the firearms at both employees and patrons of the bar." (PSR at 6.) Petitioner argues that the established facts only show they brandished firearms, not that they pointed the firearms at anyone, so the application of the "otherwise used" enhancement was erroneous. Petitioner cites to *United States v. Johnson*, 199 F.3d 123, 127 (3d Cir. 1999), as an example of his argument. *Johnson*, however, supports the application of the "otherwise used" enhancement in this matter. 199 F.3d at 127. As the Third Circuit stated in *Johnson*, "[i]n essence, 'brandishing' constitutes an implicit threat that force might be used, while a weapon is 'otherwise used' when the threat becomes more explicit." *Id.* at 126.

The PSR, in addition to stating that the robbers pointed the guns at a group of victims, also stated that "[a]t gunpoint, Matias Cruz and Delacruz utilized plastic zip-tie straps to restrain the

---

[1] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

five victims who were present at the establishment." (PSR 6.) This is consistent with the facts established by the government during the plea hearing, when the government's counsel asked Petitioner, "[d]uring the commission of the robbery, do you agree at least one victim was physically assaulted and restrained by plastic zip ties?"—to which Petitioner answered in the affirmative. (Tr. of Plea Hearing 15:1-4.) To suggest that the firearms were not "otherwise used" by the robbers is contrary to *Johnson*'s holding, which defined "otherwise used" as "brandishing" plus explicit threats and/or intimidation, 199 F.3d at 127. Here, the robbers "otherwise used" the firearms for the purposes of forcing the victims to comply and be zip tied. Furthermore, the plea agreement stipulated that a firearm was "otherwise used." (*See* Plea Agreement 7.) When Petitioner affixed his signature on the plea agreement, he essentially agreed with that stipulation. (*Id.*) Therefore, Petitioner's argument that there was no factual basis for the application of the "otherwise used" enhancement is without merit. Accordingly, Petitioner's counsel was not ineffective for not raising an objection.

Petitioner further argues that there was no factual basis to support the statement in the PSR that "[i]n total, Matias Cruz and Delacruz absconded with approximately $12,000 in cash from this robbery." (PSR 6.) The record, however, clearly contradicts Petitioner's argument. During the plea hearing, the government asked Petitioner, "[d]uring the commission of the robbery, do you agree that the amount of money stolen from the bar was approximately $12,000 U.S.?"—Petitioner answered in the affirmative. (Tr. of Plea Hearing, 15:5-8.) There may not be stronger evidence to support a defendant's guilt than his own confession.[2] *See Blackledge v. Allison*, 431

---

[2] Petitioner argues in his Reply that the government's questioning at the plea hearing amounted to manipulation. The Court, however, specifically asked Petitioner at the hearing whether he was coerced to plea guilty, and he answered in the negative. (Tr. of Plea Hearing 10:20-11:1.) Petitioner also stated that he understood "each and every term" of the plea agreement. (*Id.* at 10:16-19.)

U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Again, Petitioner's argument is meritless, and thus counsel was not ineffective for not raising an objection.

Finally, Petitioner argues that there was no factual basis for the application of the leader/organizer enhancement and, therefore, counsel was ineffective for not challenging its application. This argument is meritless because the leader/organizer enhancement was never applied. As described above, the PSR recommended to the Court a total offense level of 31, which included a two-level upward adjustment due to the leader/organizer enhancement. This Court, however, did *not* adopt the PSR's recommendation, and sentenced Petitioner based on a total offense level of 29. (*See* Statement of Reason for Judgment 1) ("The Court agreed with the plea agreement stipulations and did not apply an aggravating role adjustment pursuant to USSG 3B1.1(c) to paragraphs 65, 73, and 79. . . . [The] [t]otal offense level changed to 29.") Counsel cannot be ineffective for not challenging the factual basis of something that was never actually imposed.

The Court need not address Petitioner's challenges of the enhancements to Groups Two and Three. By virtue of Group One having the highest offense level, it served as the basis for calculating the total offense level. (*See* PSR 18.) Even if counsel could be found to have been ineffective for not challenging the enhancements to Groups Two and Three, there was no prejudice because the Group One offense level ultimately determined the total offense level. Accordingly, the Court finds that the record does not support Petitioner's claims of ineffective assistance of counsel, and the Petition is denied.

## IV. CERTIFICATE OF APPEALABILITY

Lastly, the Court denies a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## V. CONCLUSION

For the reasons set forth above, Petitioner's Motion is DENIED and the Court denies a certificate of appealability.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 7/21/17